UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

EMMANUEL A. WINTERS,

    Petitioner,

v.                                  CAUSE NO. 3:21-CV-701-DRL-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

Emmanuel A. Winters, a prisoner without a lawyer, filed a habeas corpus petition under 28 U.S.C. § 2254 challenging his armed robbery conviction in Tippecanoe County under Cause No. 79D02-1303-FB-11. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the court must review the petition and dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]"

Mr. Winters pleaded guilty to armed robbery and being a habitual offender; and, in October 2013, he was sentenced to an aggregate prison term of 20 years. He appealed. On July 18, 2014, the Indiana Court of Appeals affirmed. *Winters v. State*, 16 N.E.3d 490 (Table), 2014 WL 3547049 (Ind. Ct. App. July 18, 2014). He did not seek review in the Indiana Supreme Court. On November 19, 2018, he sought post-conviction relief in state court. His petition was denied, and his appeal to the Indiana Court of Appeals was unsuccessful.[1] He acknowledges that he did not seek review in the Indiana Supreme

---

[1] Mr. Winters asserts that he pursued an appeal to the Indiana Court of Appeals in the post-conviction proceedings, but the docket in the post-conviction case does not reflect that he pursued

Court. On September 17, 2021, he filed this federal petition, asserting claims of ineffective assistance of trial counsel in connection with his guilty plea, unconstitutionality of the habitual offender sentencing enhancement, and a speedy trial violation.

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") contains a strict statute of limitations, set forth as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment

---

an appeal. *See Winters v. State*, 79D02-1811-PC-000037 (Tippecanoe Sup. Ct. closed Dec. 23, 2019). It appears he may be mistaken about whether he pursued an appeal in light of his many other state court filings, which include direct appeals and post-conviction petitions challenging other convictions, requests for leave to pursue successive post-conviction petitions, and motions for modification of his sentence. For purposes of this order, the court takes him at his word that he pursued an appeal to the Indiana Court of Appeals; however, he acknowledges that he did not seek review in the Indiana Supreme Court, which is fatal to his petition for the reasons explained in this order.

>or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Mr. Winters does not assert, nor does the court find any basis to conclude, that his claims are based on newly discovered facts or a new Supreme Court case. He asserts straightforward claims of ineffective assistance of counsel, unconstitutionality of his sentence, and a speedy trial violation. The factual basis for these claims would have been available to him at the time of his guilty plea and sentence in 2013. He also does not assert that a state-created impediment prevented him from filing his federal petition on time, nor can the court discern the existence of any such impediment from the present record.

Thus, 28 U.S.C. § 2244(d)(1)(A) applies. Mr. Winters's conviction became final under that provision when the time for seeking review in the Indiana Supreme Court expired on direct appeal. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (holding that for habeas petitioners who do not complete all levels of state review, the judgment becomes final when the time for filing seeking further review expires); *see also* Ind. R. App. 57(C) (2014) (providing that petition to transfer to Indiana Supreme Court must be filed within 30 days of appellate court's judgment). The federal clock thus began running in August 2014, and he had one year from that date, or until August 2015, to file a timely federal habeas petition. The present petition was not filed by that deadline, and instead was filed in September 2021—more than six years late. Although he sought post-conviction review in the interim, the federal deadline had already expired when he filed his state post-

3

conviction petition in November 2018.² The state court's subsequent denial of post-conviction relief did not restart the federal deadline or open a new "window" for federal habeas review. *De Jesus v. Acevedo*, 567 F.3d 941, 942-43 (7th Cir. 2009).

When asked to explain why his petition should be deemed timely, Mr. Winters states as follows: "In accordance with 28 U.S.C. 2244(d)(2) Petitioner was exhausting all other available post conviction remedies. For this reason, 28 U.S.C. 2244(d) does not apply to Petitioner" [ECF 1 at 7]. He is incorrect that the deadlines set forth in 28 U.S.C. § 2244(d) do not apply to him—they apply to all federal habeas petitions. To the extent he argues that he had one year from the date all of his state filings were resolved in state court to seek federal habeas relief, this is also incorrect. The one-year deadline began running under 28 U.S.C. § 2244(d)(1)(A) as soon as his conviction became final, which occurred in 2014. Therefore, the petition is untimely and must be dismissed.

Even if Mr. Winters could overcome the timeliness bar, it is apparent that his claims are procedurally defaulted. Before considering the merits of a habeas petition, the court must ensure that the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A); *Hoglund v. Neal*, 959 F.3d 819, 832 (7th Cir. 2020). The exhaustion requirement is premised on a recognition that the state courts must be given the first opportunity to address and correct violations of their prisoner's federal rights. *Davila v.*

---

² Public records reflect Mr. Winters filed a state post-conviction petition in July 2016 that was dismissed without prejudice in May 2018. *See Winters v. State*, 79D02-1607-PC-000024 (Tippecanoe Sup. Ct. closed May 2, 2018). He has a lengthy criminal record, and it is not entirely clear from available documents whether this post-conviction petition challenged the armed robbery conviction he challenges here. Even if it did, it was filed more than one year after his conviction became final and is thus irrelevant for purposes of calculating the federal deadline. *See De Jesus*, 567 F.3d at 943.

*Davis*, 137 S. Ct. 2058, 2064 (2017); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). For that opportunity to be meaningful, the petitioner must fairly present his constitutional claim in one complete round of state review. *Baldwin v. Reese*, 541 U.S. 27, 30-31 (2004); *Boerckel*, 526 U.S. at 845. This includes seeking discretionary review in the state court of last resort, which in Indiana is the Indiana Supreme Court. *See Boerckel*, 526 U.S. at 848.

The companion procedural default doctrine, also rooted in comity concerns, precludes a federal court from reaching the merits of a claim if that claim was presented to the state courts and denied on the basis of an adequate and independent state procedural ground, or if the claim was not presented to the state courts and the time for doing so has passed. *Davila*, 137 S. Ct. at 2064; *Coleman v. Thompson*, 501 U.S. 722, 735 (1991). Mr. Winters admits that he did not present any of his claims to the Indiana Supreme Court, either on direct appeal or on post-conviction review, and the time for doing so has passed. He does not provide any potential grounds for excusing his default. Therefore, his claims cannot be considered on the merits.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must establish that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As stated, Mr. Winters's petition is untimely and his claims procedurally defaulted, precluding habeas relief. The

court finds no basis to conclude that reasonable jurists would debate the correctness of this ruling. Therefore, he will not be granted a certificate of appealability.

For these reasons, the court:

(1) DISMISSES the petition (ECF 1) pursuant to Rule 4 of the Rules Governing Section 2254 Cases;

(2) DENIES the petitioner a certificate of appealability; and

(3) DIRECTS the clerk to close this case.

SO ORDERED.

September 28, 2021   *s/ Damon R. Leichty*
　　　　　　　　　　　　　　　　　Judge, United States District Court